Filed 3/9/22  P. v. Williams CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARY WAYNE WILLIAMS,<br><br>    Defendant and Appellant. | B305915<br><br>(Los Angeles County<br>Super. Ct. No. SA073548) |

APPEAL from an order of the Superior Court of Los Angeles County, Leslie E. Brown, Judge.  Reversed and remanded.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Ron Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Gary Wayne Williams was sentenced to prison for burglary and robbery in 2012. In 2020, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court, recommending that defendant's sentence be recalled and he be resentenced under changes in the law that were applicable to defendant. The trial court summarily declined to exercise its discretion to resentence defendant. On appeal, defendant raises a number of challenges to the trial court's denial, arguing he was entitled to several procedural protections. While this appeal was pending, the Legislature enacted a statute specifically providing the protections defendant seeks in proceedings following a CDCR recommendation for resentencing. While the Attorney General does not concede that the new statute is retroactive to defendant's case, it suggests that, in the interest of judicial efficiency, we remand for a hearing under the new statute. We conclude the trial court erred issuing its order denying resentencing without providing adequate notice to defendant. We accept the suggestion of the Attorney General and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 29, 2010, defendant was charged by information with two counts of first degree burglary (Pen. Code, § 459)[1] and three counts of robbery (§ 211) arising out a single incident. It was alleged that a principal was armed within the meaning of section 12022, subdivision (a)(1). Defendant was also alleged to have suffered two prior strikes (§ 667, subds. (b)-(i)); two prior serious felony convictions (§ 667, subd. (a)) and two prior prison terms (§ 667.5, subd. (b)).

---

[1] All further statutory references are to the Penal Code.

2

Defendant was convicted as charged, although it appears that only a single prior serious felony was found true. At sentencing, the trial court exercised its discretion to strike one of the prior strikes, and sentenced defendant to 24 years in prison, calculated as follows: For one count of robbery, the upper term of 9 years, doubled to 18 years for the strike; plus 1 year for the firearm enhancement and 5 years for the prior serious felony enhancement. Concurrent terms were imposed on the remaining counts.

On January 24, 2020, the Secretary of CDCR wrote the court, "to provide the court with authority to resentence Gary W. Williams pursuant to Penal Code section 1170, subdivision (d)." CDCR specifically noted that, at the time defendant was sentenced, courts could not strike prior serious felony enhancements, but effective September 30, 2018, courts now possessed that discretion. The Secretary wrote that, in light of the "newfound authority to not impose a consecutive enhancement pursuant to section 667, subdivision (a)(1) (authority which did not exist at the time of Williams' sentencing) I recommend that inmate Williams' sentence be recalled and that he be resentenced in accordance with section 1170, subdivision (d)." The letter attached documents reflecting, among other things, defendant's performance in prison.

On February 27, 2020, the trial court issued a minute order acknowledging receipt of CDCR's recommendation. The court stated, "After a review of the court file and the letter, including attachments, the court declines to exercise its discretion to resentence."

Defendant filed a timely notice of appeal.

## *DISCUSSION*

On appeal, defendant initially raised two arguments: (1) the court failed to exercise discretion informed and guided by the spirit of the law; (2) the court violated his constitutional right to due process by not affording him notice and an opportunity to be heard. After the Attorney General responded to these arguments by asserting there was no error, defendant filed a supplemental opening brief. In his supplemental brief, defendant added arguments that the court erred by: (3) failing to afford him the assistance of counsel; (4) not setting forth the reasons for its resentencing decision on the record. In addition, he argued that a recently enacted law, AB 1540 (effective January 1, 2022), clarified the law in this area and would apply retroactively to his case. He sought remand for a hearing under the new procedures established by AB 1540.

The Attorney General filed its response to the supplemental opening brief on November 22, 2021. It declined to concede retroactive application of AB 1540. However, it acknowledged that the "new version of the statute substantially alters the framework for recall and resentencing," and that there were "substantial questions about how best to interpret that statute as applied to this case." In addition, the Attorney General suggested that "considerations of judicial efficiency may counsel in favor of simply applying the new statutory terms regardless of the merits of appellant's present claims." This was so because, if we were to remand for any error under the prior law, any rehearing on remand would be subject to the new procedures. Moreover, the Attorney General conceded that the new procedures would apply "irrespective of any error, if CDCR simply re-initiated the recall request after the new year." Under

4

the circumstances, the Attorney General saw "little point in litigating the claims in this appeal under the old statute" and suggested we reverse the order and remand for a new hearing under the new law.

We agree that remand is necessary. AB 1540 enacted section 1170.03 as a replacement for the provisions previously in section 1170, subdivision (d)(1). Section 1170.03 provides procedures following the receipt of a letter from CDCR recommending defendant's sentence be recalled and the defendant resentenced. Among those provisions is that resentencing "shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." (§ 1170.03, subd. (a)(8).) When the recommendation for resentencing is from the Secretary of CDCR, the court shall provide notice to the defendant, appoint counsel to represent the defendant, and set the matter for a status conference. (§ 1170.03, subd. (b)(1).) Moreover, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1170.03, subd. (b)(2).)

In his supplemental brief, the Attorney General suggests that we remand this matter for a new hearing to be held under section 1170.03. Although respondent does not concede the new statute is retroactive to the date the trial court denied resentencing here, we observe that statutory amendments have added procedural safeguards for resentencing hearings under section 1170.03, effective January 1, 2022. Among those changes is: "The court shall provide notice to the defendant and set a status conference within 30 days after the date that the court

5

received the request." (§ 1170.03, subd. (b)(1).) We find no need to decide the retroactivity of section 1170.03. In *People v. Williams* (2021) 65 Cal.App.5th 828 (*Williams*), the People argued that the trial court erred by not providing notice before recalling a sentence and resentencing the defendant under prior section 1170, subdivision (d).[2] Our colleagues in the Fourth District agreed: "Here, there is nothing in the record to suggest the court gave the parties any indication of its intention to adopt CDCR's recommendation or an opportunity to be heard. Although we recognize the lack of procedural guidance in subdivision (d)(1) of section 1170, we find the court was required to prepare a tentative order for service on the parties indicating its intent to recall the sentence and its proposed disposition and to provide a reasonable deadline for receipt of any objection." (*Williams*, at pp. 834–835.)

We find *Williams* equally applicable to the present case and agree with the Attorney General that a noticed hearing under section 1170.03 is required.

---

[2] Although the defendant in the Fourth District *Williams* case has the same last name as the defendant in the current appeal, they are not the same person.

The *Williams* court described the trial court proceedings as follows: "In an unreported minute order dated September 30, 2019, and without the parties present, the sentencing judge recalled defendant's sentence and struck the five-year punishment for the section 667 serious felony enhancement. The rest of defendant's sentence remained unchanged." (*Williams, supra,* at p. 832.)

6

## DISPOSITION

The order denying resentencing is reversed, and the matter remanded for a hearing under Penal Code section 1170.03.


RUBIN, P. J.

WE CONCUR:


BAKER, J.


MOOR, J.

7